EXHIBIT E

## IN THE COURT OF COMMON PLEAS
## GREENE COUNTY, OHIO

| | | |
|---|---|---|
| **DOUG FISHER** | ) | CASE NO. 2022CV0322 |
| 2280 US Route 68 | ) | |
| Xenia, OH 45385 | ) | **JUDGE BUCKWALTER** |
| | ) | |
| Plaintiff, | ) | |
| **vs.** | ) | |
| | ) | **DEFENDANT'S ANSWER TO** |
| **PEKIN INSURANCE COMPANY** | ) | **COMPLAINT, AFFIRMATIVE** |
| 2505 Court Street | ) | **DEFENSES, AND REQUEST** |
| Pekin, IL 61558 | ) | **FOR A TRIAL BY JURY** |
| | ) | |
| Defendants. | ) | |

COMES now Defendant, Pekin Insurance Company (hereinafter "Defendant" or "Pekin"), by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint states as follows:

1. Pekin denies the allegation contained in Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the allegation.

2. Pekin admits that it is a registered insurance company qualified to due business in the state of Ohio. Pekin admits its principal place of business is located at 2505 Court Street, Pekin, IL 61558 but denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. Pekin admits Plaintiff was the named insured under a property insurance policy covering Plaintiff's property located at 2280 US route 68 Xenia, Ohio 45385 but denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of those allegations.

4. Pekin admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Pekin acknowledges that the policy was in full force and effect on or around June 18, 2021, but denies the remaining allegations contained in Paragraph 5 of Plaintiff's complaint.

6. Pekin denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Pekin denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Pekin denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## COUNT 1 - BREACH OF CONTRACT

9. Pekin incorporates and realleges the allegations contained in paragraphs 1 through 8 in answer to Paragraph 9 of Plaintiff's Complaint.

10. Pekin denies the allegations contained in Paragraph 10 of Plaintiff's Complaint

11. Pekin admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Pekin denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Pekin has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and, therefore, said allegations are deemed denied.

14. Pekin has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and, therefore, said allegations are deemed denied.

15. Pekin denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Pekin denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Pekin fully performed under the policy contract and never breached the agreement and preserves all defenses thereunder.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff failed to attach a copy of the entire contract as an exhibit to the Complaint as required under Rule 10(D)(1) of the Ohio Rules of Civil Procedure which specifically requires any claim founded upon a written instrument to have attached to the Complaint a copy of such written instrument.

4. Plaintiff failed to take all reasonable steps to protect and preserve the property, and to make timely and necessary repairs, and thereby failed to minimize and/or mitigate their damages.

5. Plaintiff's failure to take all reasonable steps to protect and preserve the property, and to make timely and necessary repairs, constitutes a material breach of Plaintiff's contractual duties in the event of loss or damage and Plaintiff's claims should be dismissed and barred pursuant to the Duties After Loss limitation contained in Section I - Conditions, which states in relevant part:

> \*\*\*
>
> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, or an "insured" seeking coverage, or a representative of either:
>
> \*\*\*
>
> 4. Protect the property from further damage. If repairs to the property are required, you must:
>
>    a. Make reasonable and necessary repairs to protect the property; and
>
>    b. Keep an accurate record of repair expenses

6. Plaintiff is in breach of contract for failing to report the claim in a timely manner as the claim was reported 3 months after the date of the incident, and Plaintiff's claim should be

dismissed and barred pursuant to the Duties After Loss limitation contained in Section I - Conditions, which states in relevant part:

>\*\*\*
>
>In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, or an "insured" seeking coverage, or a representative of either:
>
>>1. Give prompt notice to us or our agent;
>
>\*\*\*
>
>>5. Cooperate with us in the investigation of the claim.

Plaintiff did not submit a claim with Defendant until three months after the alleged loss. Due to this delay, Defendant was deprived of the opportunity to conduct a timely inspection of the subject loss at or near the time of the alleged date of the loss.

7. The law does not allow Plaintiff to recover attorney's fees.

8. Plaintiff failed to perform conditions precedent to coverage under the policy.

9. Plaintiff's claim does not exceed the amount of the deductible.

WHEREFORE**,** Defendant prays the Complaint be dismissed in its entirety and with prejudice, at cost to Plaintiff, and for any and all other relief to which Defendant may be entitled.

Respectfully submitted,

Rolfes Henry Co., LPA

_____
J. Patrick Schomaker, Esq. (#0076488)
Rolfes Henry Co., LPA
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202
Tele:	513.579.0080
Facsimile:  513.579.0222
pschomaker@rolfeshenry.com
*Attorney for Defendant Pekin Insurance Company*

## JURY DEMAND

Defendant Pekin Insurance Company hereby demands a trial by jury on all issues relating to this matter.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendant's Answer to Complaint, Affirmative Defenses and Request for a Trial by Jury was served this 22nd day of July, 2022, via electronic mail upon the following:

Brian Kampman
Ziegler Metzger
1111 Superior Avenue
Cleveland, OH 44114
bkampman@zieglermatzget.com

Daniel Ballard
Merlin Law Group
125 Half Mile Road, Suite 110
Red Bank, NJ 07701
dballard@merlinlawgroup.com
*Attorneys for Plaintiff*

_____
J. Patrick Schomaker, Esq. (#0076488)
*Attorney for Defendant Pekin Insurance Company*